# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDY D. STOWERS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0513**  (BOR Appeal No. 2050904)
(Claim No. 2014018771)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy D. Stowers, by John Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Highways, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 2, 2016, in which the Board affirmed an October 26, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 12, 2015, decision denying a request to add a lumbar disc herniation as a compensable component of Mr. Stowers's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stowers sustained multiple injuries on December 19, 2013, when he fell while exiting a truck during the course of his employment with the West Virginia Division of Highways. Immediately following the injury, Mr. Stowers received emergency medical treatment at Plateau Medical Center and was diagnosed with multiple contusions, an ankle sprain, a hip/thigh sprain, a wrist sprain, a lumbosacral sprain, chronic lower back pain, and lumbosacral disc degeneration. X-rays of the lumbar spine revealed degenerative disease. Additionally, a lumbar spine MRI revealed a disc herniation with diffuse bulging and osteophyte

1

formation at L2-3, a mild disc bulge at L3-4, a large central and left-sided L4-5 disc herniation with moderate to severe left-sided neural foraminal encroachment, and an L5-S1 disc protrusion with diffuse disc bulging and osteophyte formation. On January 6, 2014, the claims administrator held the claim compensable for a left hip/leg contusion, a right ankle sprain, a right wrist sprain, and a right shoulder sprain.

On February 24, 2014, Mr. Stowers sought treatment with neurosurgeon John Schmidt, M.D., for complaints of pain in his lower back with radiation into his hips and legs. Additionally, Dr. Schmidt noted that Mr. Stowers has a history of lower back pain. He further noted that the lumbar spine MRI performed on December 19, 2013, revealed degenerative disc disease throughout the lumbar spine with disc herniations at L2-3, L4-5, and L5-S1. Dr. Schmidt opined that Mr. Stowers sustained an acute musculoskeletal mechanical back and hip sprain superimposed on degenerative spondylotic arthropathy and multiple levels of disc herniations. On April 10, 2014, Edward McCormick, D.C., Mr. Stowers's chiropractor, authored a letter addressed to the claims administrator in which he stated that he believes that Mr. Stowers injured his lumbar spine during the December 19, 2013, accident. Dr. McCormick noted that the December 19, 2013, lumbar spine MRI revealed an L4-5 disc herniation, which he opined is consistent with the mechanism of injury and Mr. Stowers's current symptoms. He requested that a lumbar disc herniation be added as a compensable component of Mr. Stowers's claim for workers' compensation benefits.

On September 26, 2014, the Office of Judges modified the January 6, 2014, claims administrator's decision holding the claim compensable and added a lumbosacral sprain as a compensable component of the claim. However, the Office of Judges also evaluated Dr. McCormick's request to add a lumbar disc herniation as a compensable diagnosis and determined that the evidentiary record indicated that the lumbar disc herniation is unrelated to the compensable injury.

Mr. Stowers sought treatment for ongoing lower back pain with A.E. Landis, M.D., on November 4, 2014. Dr. Landis diagnosed Mr. Stowers with a lumbosacral contusion/sprain superimposed on pre-existing degenerative disc disease. He also diagnosed an L4-5 disc herniation. Mr. Stowers continued to seek treatment with Dr. Landis, and on March 10, 2015, Dr. Landis completed a diagnosis update request in which he listed Mr. Stowers's primary diagnosis as a lumbosacral sprain/strain and his secondary diagnosis as a lumbar disc displacement without myelopathy. On March 12, 2015, the claims administrator denied Dr. Landis's request to add a lumbar disc herniation as a compensable diagnosis. The claims administrator also determined that the compensability of the lumbar disc herniation has been fully litigated through the September 26, 2014, Office of Judges' Order in which Dr. McCormick's request to add a lumbar disc herniation as a compensable diagnosis was denied.

Finally, Marsha Lee Bailey, M.D., performed a records review on August 3, 2015. Dr. Bailey opined that the claims administrator properly denied Dr. Landis's request to add a lumbar disc herniation as a compensable diagnosis. Specifically, she opined that the degenerative disc disease, degenerative facet disease, and disc osteophyte complex revealed via MRI developed over the course of several years and pre-existed the compensable injury. Additionally, Dr. Bailey

2

noted that Dr. Schmidt did not make a finding of acute radiculopathy when examining Mr. Stowers shortly after the compensable injury.

The Office of Judges affirmed the claims administrator's March 12, 2015, decision in its Order dated October 26, 2015. On May 2, 2016, the Board of Review affirmed the conclusions of the Office of Judges.

The Office of Judges found that the issue of compensability of the lumbar disc herniation was fully litigated through its September 26, 2014, Order denying Dr. McCormick's request to add an L4-5 disc herniation as a compensable diagnosis. The Office of Judges then noted that in its prior September 26, 2014, Order, it relied upon Dr. Schmidt's determination that on December 19, 2013, Mr. Stowers sustained an acute musculoskeletal mechanical back and hip sprain superimposed on degenerative spondylotic arthropathy and multiple levels of disc herniations in the lower back. The Office of Judges further noted that Mr. Stowers did not appeal the September 26, 2014, Order to the Board of Review. Further, the Office of Judges found that because the issue of the compensability of the lower back has already been fully litigated, the doctrine of res judicata is applicable. The Office of Judges then concluded that Dr. Landis's request to add a lumbar disc herniation as a compensable diagnosis was properly denied. The Board of Review declined to adopt the reasoning of the Office of Judges, and determined that the evidence of record fails to demonstrate that a lumbar disc herniation should be added as a compensable component of the claim.

On appeal, Mr. Stowers asserts that the issue of the compensability of the lumbar disc herniation has not been fully litigated. Specifically, he asserts that the request from Dr. Landis to add a lumbar disc herniation as a compensable diagnosis was not considered in the Office of Judges' September 26, 2014, Order. In its September 26, 2014, Order, the Office of Judges evaluated Dr. McCormick's request to add a lumbar disc herniation as a compensable diagnosis and, after reviewing the evidentiary record, determined that the request should be denied. In his diagnosis update request, Dr. Landis requested the addition of the very diagnosis which was requested by Dr. McCormick. However, even if the evidence received from Dr. Landis, along with Dr. Bailey's records review, are considered, the evidence of record fails to demonstrate that Mr. Stowers sustained a lumbar disc herniation at the time of the compensable injury. As was noted by Dr. Bailey, diagnostic imaging performed immediately following the injury revealed extensive degenerative disease. Additionally, Mr. Stowers's neurosurgeon, Dr. Schmidt, attributed only a musculoskeletal back and hip sprain to the December 19, 2013, injury. As such, the Board of Review properly determined that the diagnosis of a lumbar disc herniation should not be added as a compensable diagnosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum